UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
YAYA MANNEH, *pro se*,                                          :
                                                               :
                          Plaintiff,                           :
                                                               :
            -against-                                          :          **SUMMARY ORDER**
                                                               :          **15-CV-6807 (DLI) (LB)**
COMEY DIG, FBI,                                                :
                                                               :
                          Defendants.                          :
------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On November 30, 2015, Plaintiff Yaya Manneh ("Plaintiff") initiated this action *pro se*, and moved to proceed *in forma pauperis*. *See* Compl., Dkt. Entry No. 1; Mot. for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), Dkt. Entry No. 2. The Complaint is filed on a sample complaint form, together with several handwritten pages. It names "COMEY DIG FBI" as defendants, and states that the jurisdiction of this Court is invoked pursuant to "A Federal Investigation Due to Allegations of Spying, Espionage, Serial Killer." Compl. at 1.[1] Plaintiff states the remedy sought as: "I want my documents to go home." *Id*. In the IFP Motion, Plaintiff states that he is an "FBI detainee." IFP Motion at 1.[2] However, the address Plaintiff provides in the Complaint appears to be a private residential building in the Bronx. Compl. at 1.

Plaintiff's request to proceed *in forma pauperis* is granted solely for purposes of this Order, and for the reasons that follow, the Complaint is dismissed with prejudice.

**BACKGROUND**

The Complaint describes Plaintiff's arrival in the United States on June 23, 2002, on a student visa, and subsequent events that occurred in Michigan, culminating in Plaintiff's arrest and detention by immigration officials. Compl. at 3. Plaintiff recounts: "I was detained for almost

---

[1]The Complaint is not paginated. Therefore, the Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

[2]The IFP Motion is not paginated. Therefore, the Court refers to the page numbers assigned by ECF.

four months.   During this period no charges were leveled againts [*sic*] me other than being out of status of my student visa."   *Id*. at 3.   Plaintiff was granted a voluntary departure, released, and paid a $2000.00 "fine."   *Id.* at 4-5.

Next, Plaintiff states that he moved to New York City and worked at multiple jobs, including five years delivering medication for Metro Pharmacy.   Compl. at 5.   "I became outstanding then jealousy and hate befell me."   *Id*. at 6.   According to Plaintiff, one of his coworkers began spreading rumors that Plaintiff was a drug kingpin and a pimp.   *Id*.   "I was finally fired through an allegation that Marvin and then shift manager Geogina cooked by accusing me of losting [*sic*] a medicine."   *Id*.   Plaintiff worked other jobs, but "the same allegations continued spreading like I am a dishwasher/spy, armed robber, serial killer."   *Id*. at 7.

Plaintiff also complains:   "The neighbouhood [*sic*] where I lived had people from my country but all of them just hate me. . . .   The Jolas . . . hate me for being who I am[,] a Balanta. Tribal hate was put on me by all."   Compl. at 8.   According to Plaintiff, some of the aforementioned "haters" told lies to the Federal Bureau of Investigations ("FBI"), the President of the United States, and former Fox News Anchor Megyn Kelly.   *Id*. at 9.   "[D]ue to all the allegations," Plaintiff was investigated, which he says prevented him from working.   *Id*. at 10. Plaintiff concludes:   "It was one fine morning that I heard over W1010 News that the one accused of being a dishwasher spy was false.   There I knew the allegations were false too and I'm vindicated."   *Id*.

## DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp.2d 539, 541-42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the

amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In the instant action, the Court finds that Plaintiff's claims are frivolous, because they "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Plaintiff's primary claim appears to be about "haters" who reported false and damaging information about him to his employers, the FBI, former President Barack Obama, and former Fox News Anchor Megyn Kelly. Although Plaintiff's tensions with neighbors and coworkers may be real, claims about being reported "a dishwasher spy" to the former President of the United States and a prominent news anchor strain credulity.

Moreover, Plaintiff has not alleged any facts that would bring his claims within the jurisdiction of the federal courts. Plaintiff's initial claim about his detention in Michigan may once have been cognizable against state officials under 42 U.S.C. § 1983 ("Section 1983"), or against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which permits recovery for some constitutional violations committed by federal agents acting in their individual capacities. However, constitutional claims arising in Michigan and brought pursuant to Section 1983 or *Bivens* are subject to a three-year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that the most appropriate statute of limitations in a Section 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (stating that local time limitations should be applied both to Section 1983 actions and to *Bivens* actions); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (applying the three-

year statute of limitations for personal injury claims set forth in Mich. Comp. Laws § 600.5805(8)). Plaintiff's four-month detention occurred after his 2002 arrest. Thus, any related claims are outside of the relevant statute of limitations.

Plaintiff has suggested no federal cause of action for his claims about the tensions with his neighbors and coworkers, nor for the potentially defamatory statements made by them. Additionally, he has not suggested that his subsequent terminations give rise to any federal claim. Plaintiff mentions an FBI investigation and names as a defendant "Comey," which the Court presumes is a reference to former FBI Director James B. Comey. However, Plaintiff has not alleged any specific acts by Comey or the FBI that would constitute a constitutional violation. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. The Court finds that: (1) it does not have subject matter jurisdiction over this action; (2) the Complaint is frivolous; and (3) amendment of the Complaint would be futile. Accordingly, it is dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 26, 2018

/s/
DORA L. IRIZARRY
Chief Judge
